Decided February 24th, 1859.)

## KISSA ROBINETT *vs.* NATHAN RUBY.

In an action for slander, the declaration charged that the defendant, in speaking of a sum of money which had been stolen from him, said, "the girl, (meaning the plaintiff,) that *hired* with us has got it," meaning thereby that the plaintiff had stolen the money.   The words *proved* were, "the girl that *lived* with us has got it."   HELD, that this *variance* was immaterial.

The defendant had suspected the wife and daughter of F, of having stolen the money, but circumstances occurred which removed that suspicion, and upon being asked by F, whether he charged or suspected his wife and daughter, the defendant replied that he had, but did not suspect them now, and then related the circumstances which had removed the suspicion, and *added* the slanderous words above charged in the declaration, concerning the plaintiff.   HELD:

That these words as charged are actionable *per se,* and the circumstances under which the defendant used them, do not constitute them a *privileged communication.*

Robinett *vs.* Ruby.

Even where the communication is in its nature privileged, the scope of the defamatory matter must not exceed the exigency of the occasion.

APPEAL from the Circuit Court for Allegany county.

This was an action of slander brought by the appellant against the appellee.

The declaration in its first count alleges, that before and at the time of speaking the words, the plaintiff had been and was living with the defendant as a hired servant in his family, and that the defendant, before the speaking of the words, had stated, that there had been taken and stolen from his possession and house about the sum of $131 or $136, and in a conversation of and concerning the plaintiff, and of and concerning the said sum of money, that he alleged to have been stolen as aforesaid, the defendant falsely, &c., said, &c., these false and defamatory words, of and concerning the said plaintiff, that is to say, "the girl," (meaning the said plaintiff,) "that hired with us," (meaning that hired with the said defendant,) "has got it," meaning thereby that the said plaintiff has stolen the money of the said defendant, and then had it. Plea, *non cul.*

*Exception.* The words proved to have been spoken by the defendant are: "The girl that lived with us has got it," and the circumstances under which they were spoken to the witness, Furlow, are sufficiently stated in the opinion of this court. On the part of the defendant, evidence was offered, tending to show that he had lost the money, and had probable cause to suspect that the plaintiff had taken it. The defendant then asked three instructions to the jury:

1st. If the jury find from the evidence that the defendant lost the money, and had probable cause to suspect that the plaintiff had taken it, and that the witness, Furlow, had an interest in knowing who the defendant did suspect, or that it was the duty of the defendant, as a good citizen, to inform Furlow that he did so suspect the plaintiff, and that the words charged were spoken to Furlow in making such communication to him, and were so spoken by defendant, *bona fide*, believing them to be true and without malice, then the plaintiff

cannot recover, and provided the jury shall also believe they were spoken in reply to inquiries made by Furlow, for the purpose of convincing him that defendant did not suspect his wife of stealing the money.

2nd. This prayer asserts, that if the jury shall believe certain facts therein hypothetically stated, then they may also find that the defendant had probable cause to suspect that the plaintiff had taken the money, and may consider said evidence in reduction of damages.

3rd. That there is no evidence to prove the utterance of the words charged in the first count of the declaration, because the slanderous words laid in said first count are not proved as they are therein laid.

The plaintiff then asked an instruction, to the effect that if the jury believe the evidence of Furlow, as stated in the exception, then the words spoken by the defendant, if they shall believe them to have been spoken, "the girl that lived with us has got it," under the circumstances detailed in said evidence is not a privileged communication.

The defendant's second prayer was granted, with the consent of the plaintiff, and the court (PEARY, J.,) granted the other prayers of the defendant, and rejected that of the plaintiff, and to this ruling the plaintiff excepted, and the verdict and judgment being in favor of the defendant, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*George A. Pearre* for the appellant:

1st. The defendant's first prayer was erroneously granted, and the words spoken by the defendant to Furlow were not privileged communications in law: for 1st. Probable cause is only evidence in mitigation of damages, and is not one of the constituents of privileged communications which *bar* the action altogether. 2nd. What interest had Furlow in knowing who the defendant suspected? He may have been interested in knowing whether his own wife and daughter were suspected; to this he had a right to inquire, and the defendant had a right

to answer to this extent, and say whether he suspected his wife or daughter. He could say very properly, I do not suspect your wife, but when he went further and accused the plaintiff he is responsible for the slander. In what sense was it the defendant's duty as a good citizen to inform Furlow that he did suspect the plaintiff? Is it the duty of a good citizen to tell his neighbors of all his suspicions, whether they turn out true or false? Furlow did not ask him whom he did suspect, but only, whether he did suspect his wife and daughter? all the defamation of the plaintiff was voluntary. 3rd. How could the accusation of the plaintiff any more tend to convince Furlow that his wife was not accused, than if he had said to him, "I do not suspect your wife." The court below seemed to think that a *positive* charge against some third person was indispensable to relieve Furlow's wife, that a mere denial of a suspicion against her was insufficient. The scope of the defamatory matter, even when the communication is in its nature privileged, must not exceed the exigency of the occasion. *Cooke on Defamation*, 28, 31 to 37. 17 *Eng. C. L. Rep.*, 297, *Dancaster vs. Hewson.*

2nd. The plaintiff's third prayer was erroneously granted, because, 1st. It had no practical result in the case as it stood; it did not ask the court to say to the jury, that the plaintiff could not recover upon the first count. 2nd. Whether the words were proved, as laid, was a question for the jury: the court could only be called on to say to the jury, that if they believe from the evidence, that the defendant said "the girl that *lived* with us has got it," that such words do not sustain the words charged. 3rd. But there is in truth no substantial variance. The difference is between *"hired"* and *"lived:"* neither word is material to the slander: whichever might be used is only a *designatio personæ:* if she *hired* with the defendant she *lived* with him. If the sense is kept entire, partial grammatical variances in the construction of sentences will not be material. 2 *Saund. on Pl. & Ev.*, 811. The addition or omission of a word will not prejudice unless it alter the sense. *Ibid.*, 799. All that is required is, that the words in the declaration shall contain the substance of the slander. *Cooke on*

*Defamation*, 89, 90. The true distinction is, that where the change of a word does not alter the sense, the variance is immaterial. 2 *Starkie on Ev.*, 459, 618. 1 *Chitty's Pl.*, 435. 2 *Greenlf. on Ev.*, secs. 341, 344. 17 *Eng. C. L. Rep.*, 297, *Dancaster vs. Hewson.* The word "*hired*," or "*lived*," could be left out altogether.

3rd. The refusal of the court to grant the plaintiff's prayer was erroneous. The same reasoning that is applied to the defendant's prayer is applicable here. This prayer takes the *whole* testimony of Furlow, and upon that testimony calls upon the court to say, that the slander was not a privileged communication. It comes within none of the rules of privileged communications.

*J. H. Gordon* for the appellee:

1st. If the defendant made the statement to Furlow under the circumstances stated by him, without malice and for the purpose of satisfying him that he did not charge his wife and daughter with this larceny, then the first prayer of the defendant was rightfully granted, and that of the plaintiff rightfully rejected. It was the defendant's duty to satisfy the mind of Furlow, fully, that his wife and daughter were relieved from the charge, and Furlow had an interest in knowing that they were fully exonerated, and it was the interest of the defendant to satisfy him. It is not reasonable to suppose he would have been satisfied by any explanation less full than was given, and this communication should be viewed liberally towards the defendant. 2 *Greenlf. on Ev.*, sec. 421, *note* 2. 2 *Leigh's N. P.*, 1363, 1366. 2 *Wend.*, 515, *Allen vs. Crofoot.* 4 *Car. & Payne*, 302, *Ward vs. Smith.* No presumption of malice arises from the speaking of words of this kind by one having a duty to perform, and in good faith believing that it comes in the discharge of that duty, or when they are spoken to one having an interest in the communication. 5 *Barn. & Ald.*, 642, *Fairman vs. Ives.* 3 *How.*, 286, *White vs. Nicholls, et al.* 12 *Pick.*, 163, *Bradley vs. Heath.* 1 *Starkie on Slander*, 284. If the party *bona fide* use the words in a confidential communication, which it is his legal or moral duty to

make, but in that communication exceeds his duty, the excess is privileged. 2 *Wend.*, 515. 6 *Bing.*, 749, *Ward vs. Smith.* 8 *Car. & Payne*, 88, *Todd vs. Hawkins.*

2nd. The words charged in the first count are: "The girl that *hired with us* has got it," and the words proved are: "The girl that *lived* with us has got it." This variance is fatal. 1 *Starkie on Slander*, 369, 370, *note* 1, 371 to 374. 2 *Man. & Gran.*, 561, *Smith vs. Knowelden.* 8 *Gill*, 375, *Winter vs. Donovan.* 1 *H. & J.*, 409, *Wolf vs. Rodifer.* 3 *H. & J.*, 91, *Wilson vs. Mitchell.* 6 *H. & J.*, 248, *Stanfield vs. Boyer.* 1 *Blackf.*, 330, *Wheeler vs. Robb.* 3 *Maule. & Selw.*, 113, *Cook vs. Cox.*

But if the court erred even in granting the defendant's third prayer, the plaintiff was not injured by it, because the same substantial charge is made in the second count, and, therefore, this court will not reverse the judgment.

BARTOL, J., delivered the opinion of this court.

The bill of exceptions in this case presents two questions; *first*, whether there is a material *variance* between the words charged in the first count of the declaration, and the words proved; and *secondly*, whether the words spoken by the defendant, were spoken on an occasion and under circumstances in which he was privileged in using them.

The slanderous words charged in the first count are: *"the girl that hired with us has got it,"* and the words proved are: *"the girl that lived with us has got it."* It appears by the colloquium set out in the declaration, and by proper inuendos, that these words were spoken of and concerning the plaintiff, and that they imputed to her the crime of larceny.

The supposed variance is between the words *lived* and *hired*.

In *Buller's N. P.*, 5, it is said: "It was formerly holden that the plaintiff must prove the words precisely as laid; but that strictness is now laid aside, and it is sufficient for the plaintiff to prove the substance of them," and in *Cooke's Law of Defamation*, 89, (53 *Law Lib.*,) it is said: "much of the former strictness as to words spoken, has been relaxed in the more modern decisions, and the rule now appears to be,

Robinett *vs.* Ruby.

that it is sufficient if the words containing the substance of the slander be laid in the declaration."

See *Maitland vs. Goldney*, 2 *East.*, 426. *Miller vs. Miller*, 8 *Johns.*, 74. *Dancaster vs. Hewson*, 17 *Eng. C. L. Rep.*, 297.

It is true, as contended for by the appellee, that the words constituting the charge must be proved substantially as laid, and that proof of equivalent words will not suffice; 2 *East.*, 438; 1 *Wend.*, 506; but here the whole substance of the alleged slander is in the words, "the girl, (meaning the plaintiff,) has got it," and the words, "that hired with us," or "that lived with us," serve only as a designation of the person, and do not constitute any substantial part of the defamation. In our opinion therefore, the variance in them is wholly immaterial.

We are also of opinion, that the circumstances under which the defendant used the defamatory words, do not constitute them a privileged communication. This question arises upon the first prayer of the defendant, and the prayer offered by the plaintiff.

It appears from the evidence, that the defendant had suspected the wife and daughter of Furlow, (the witness,) of having stolen his money, and that circumstances had occurred which removed that suspicion; the witness called on him and asked, "whether he charged or suspected his (witness's) wife and daughter, the defendant replied that "he had suspected them, because he could not recollect any body being at his house but them; but that he did not suspect them now, because circumstances had lately occurred which took away those suspicions," and then without further inquiry proceeded to relate the circumstances which had removed his suspicion, and added the slanderous words concerning the plaintiff, complained of in this action. Those words, as they are charged in the declaration, are actionable *per se*, and we are not aware of any rule of law which exempts a party, under circumstances such as these, from responsibility for using them; or which imposes upon the plaintiff the burden of proving malice in fact, in order to entitle her to maintain the action.

Furlow, the witness, was a stranger both to the plaintiff and

the defendant, he was interested in knowing, and had a right to inquire of the defendant, whether his wife and daughter were suspected, and to that extent the defendant had a right to answer, and he might be justified in stating also, the circumstances which had removed his suspicions. But farther than that, his privilege could not extend. It could not be necessary to charge the plaintiff with the theft, in order to satisfy Furlow that his wife and daughter were relieved from the accusation. None of the authorities cited by the appellee, authorize us in saying that the defendant was privileged in making this charge. "Even where the communication is in its nature privileged, the scope of the defamatory matter must not exceed the exigency of the occasion." *Cooke on Defamation*, 35, 36.

Considering that the circuit court erred in granting the first and third prayers of the defendant, and in refusing the prayer offered by the plaintiff, the judgment must be reversed.

*Judgment reversed and procedendo awarded.*